IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOPOINT, INC. ) | |
|           Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 1:20-cv-10118-RSG |
| ) | |
| ANDREW DICKHAUT and CATAPULT ) | |
| STAFFING LLC d/b/a CATAPULT ) | |
| SOLUTIONS GROUP ) | |
|           Defendants. ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DRUG EVIDENCE**

Plaintiff BioPoint, Inc. ("BioPoint") hereby moves for an Order to prohibit Defendants Andrew Dickhaut ("Dickhaut") and Catapult Staffing LLC d/b/a Catapult Solutions Group ("Catapult") (collectively, "Defendants") from introducing evidence regarding purported illicit drug use, drug addictions, or any other narcotic or pharmaceutical drug-related actions by BioPoint's employees.

BioPoint filed the instant action on January 21, 2020. Docket No. 1. In the original Complaint, former BioPoint employee (and current Catapult employee) Leah Attis ("Attis") was included as a named Defendant. *Id*. On March 3, 2020, this Court granted Attis' Motion to Dismiss for Improper Venue, after which BioPoint has been pursuing its claims against Attis in a parallel state court action. Docket No. 37.

During a deposition in the state court action, Attis' counsel asked a BioPoint employee numerous questions regarding purported illicit drug use, drug addictions, and other narcotic or pharmaceutical drug-related actions by BioPoint employees including its senior executives. The deponent repeatedly testified that he had no knowledge of such activities, but the line of questioning persisted over counsel's objections. Attis proffered a nonsensical explanation as to why these

1

questions related to the case, namely the theory that BioPoint initiated these lawsuits to try to discredit her in case she later decided to expose the purported drug use. Attis does not allege that BioPoint ever threatened Attis with litigation to try to keep her quiet.

Attis subsequently filed counterclaims against BioPoint in state court based on this theory. BioPoint has moved to dismiss Attis' counterclaims and sought a protective order precluding Attis from further pursuing this subject matter in discovery. The state court has scheduled a hearing on BioPoint's motions on January 22, 2022. Attis and Defendants in this case have entered a common defense agreement, and pursuant to the parties' Protective Order as to Confidential Information in this action, discovery taken in the state court action is available for use in this action.

Defendants should be precluded from offering any evidence on this topic because it would be irrelevant and prejudicial under Fed. R. Evid. 401, 402, and 403. Only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of actions more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Both parties have listed Attis as a trial witness. BioPoint anticipates that Defendants will attempt to introduce evidence related to purported drug use by BioPoint employees to smear BioPoint and prejudice the jury. There is no connection between any alleged drug use by BioPoint employees and the claims or defenses in this action. Whatever relevance Attis may claim in the state court action with respect to her counterclaims against her former employer BioPoint, albeit BioPoint submits there is none even there, cannot possibly extend to the instant action. This case is solely about BioPoint's allegations that Catapult, a direct

competitor, and Dickhaut, a senior executive at Catapult, improperly obtained and used BioPoint's trade secrets and confidential information.  Alleged drug use at BioPoint has no bearing on any evidentiary issue relevant to BioPoint's allegations (whether Attis shared information with Dickhaut; what she shared and when; whether BioPoint authorized it; whether it was confidential and/or trade secret; how valuable was it; did BioPoint suffer damages as a result of it; did Catapult use it; did Catapult unfairly profit from such use).

The evidence must also be considered under Rule 403.  In that context, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see also Raymond v. Raymond Co.*, 938 F.2d 1518, 1523-24 (1st Cir. 1991).  For purposes of Rule 403, "unfair prejudice" means an undue tendency to suggest a decision on an improper basis, including something other than the established propositions in the case.  Advisory Committee's Notes on Fed. Rule Evid. 403, 28 U. S. C. App., p. 860.

Here, evidence relating to drug use at BioPoint is confusing and prejudicial. Whether BioPoint employees used drugs has no bearing on BioPoint's claim that Defendants misappropriated BioPoint's trade secrets or interfered with its business relationships.  All that will happen if this evidence is permitted is that the jury will be confused and prejudiced by this trial within a trial, distract from the dispositive issues, and smear BioPoint's reputation.

Even the mention of drug-use allegations poses substantial risk of prejudice by the jury.  *See, e.g., Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 188 (3d Cir. 1990) ("Evidence that a party committed wrongs other than those at issue in a case often creates a

3

danger of 'unfair prejudice' because such evidence may influence a jury to return a verdict based on a desire to punish the other wrongs."). Defendants should not be permitted to attack BioPoint's reputation and credibility with inflammatory, irrelevant allegations about drugs.

For these reasons, BioPoint requests that the Court enter an Order precluding admission of evidence of illicit drug use, drug addictions, and other narcotic or pharmaceutical drug-related actions by BioPoint employees.

>
> BIOPOINT, INC.
> By its attorneys,
>
>
> /s/ _Allison Anderson_____
> James W. Bucking (BBO#558800)
> Madeleine K. Rodriguez (BBO#684394)
> Allison L. Anderson (BBO#687662)
> Foley Hoag LLP
> Seaport West
> 155 Seaport Boulevard
> Boston, MA 02210-2600
> 617 832 1000
> jbucking@foleyhoag.com
> alanderson@foleyhoag.com
> mrodriguez@foleyhoag.com

Dated:  December 28, 2021

### Rule 7.1 Certification

Pursuant to Local Rule 7.1(a)(2), BioPoint conferred with counsel for Defendants and has attempted in good faith to resolve or narrow the issue.

### CERTIFICATE OF SERVICE

I certify that on December 28, 2021, the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                              /s/ *Allison L. Anderson*
                                              Allison L. Anderson