IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOPOINT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW DICKHAUT and CATAPULT STAFFING, LLC d/b/a CATAPULT SOLUTIONS GROUP<br><br>    Defendants. | CIVIL ACTION NO. 1:20-CV010118 |

## **DEFENDANTS' MOTION FOR DIRECTED VERDICT**

Defendants Andrew Dickhaut and Catapult Staffing, LLC (collectively, "Defendants") move for a directed verdict against BioPoint, Inc. ("BioPoint") and in favor of Defendants on all claims to be decided by the Court as part of this bench trial. As described below BioPoint has not presented evidence sufficient to prove the elements of its trade secret or unfair and deceptive trade practices claims.

### I.    Plaintiff failed to prove its Trade Secret Claims

To prevail on a claim of misappropriation of trade secrets, a plaintiff must show: (1) the information is a trade secret; (2) the plaintiff took reasonable steps to preserve the secrecy of the information; and (3) the defendant used improper means, in breach of a confidential relationship, to *acquire and use* the trade secret. *See Incase Inc. v. Timex Corp.*, 488 F.sd 46, 52 (1st Cir. 2007) (emphasis added); *see also Viken Detection Corp. v. Videray Techs. Inc.*, 384 F. Supp. 3d 168, 177 (D. Mass. 2019) ("The standard for misappropriation under [federal law] is substantially similar to that under Massachusetts law."). At trial, Plaintiff failed to present evidence for each of these elements.

Plaintiff failed to prove the elements of a trade secret claim with respect to Messrs. Da Costa and Haworth. As an initial matter, Plaintiff admitted that it does not own the information regarding its consultants (*e.g.*, their name and resumes). As such, this information is *not* BioPoint's trade secret. At most, Plaintiff could claim that its Crelate report for a consultant—*i.e.*, the actual document—is a BioPoint trade secret. *See, e.g.*, Trial Exhibits. 60, 61, 62, 63, 65, 99. But Mr. DeGroot admitted that it is impossible for employees like Ms. Attis to print or download a report from Crelate. Moreover, there is no evidence that Ms. Attis ever provided such a report to Defendants.

1. **Stephen Haworth**. BioPoint failed to present any evidence as to any of the elements of its trade secret claim regarding Mr. Haworth - - including but not limited to use, causation, and damages.[1] Instead, the undisputed evidence was that Mr. Swiniarski found Mr. Haworth on LinkedIn. Additionally, Ms. Attis, Mr. Dickhaut, and Mr. Swiniarski all testified that Ms. Attis did not provide any information to Defendants regarding Mr. Haworth.

2. **Chris Da Costa**. BioPoint failed to present any evidence as to any of the elements of its trade secret claim regarding Mr. Da Costa - - including but not limited to use, causation, and damages. Instead, the undisputed evidence was that Mr. Swiniarski found Mr. Da Costa on LinkedIn. Additionally, Ms. Attis, Mr. Dickhaut, and Mr. Swiniarski all testified that Ms. Attis did not provide any information to Defendants regarding Mr. Da Costa.

3. **Vedanta**. BioPoint failed to present any evidence as to any of the elements of its trade secret claim regarding Vedanta - - including but not limited to use, causation, and damages.

---

[1] Plaintiff failed to disclose any damages related to Dr. Haworth, Dr. Da Costa, or Vedanta during discovery. Instead, Plaintiff sneak attacked Defendants on the eve of trial with a last-minute disclosure. For the reasons stated in Defendants' Motion in Limine re Damages [ECF 107] and the Court's Order thereon [ECF 135], the Court should not permit any evidence or argument concerning these claimed damages that were not disclosed in discovery.

Instead, the undisputed evidence was that Mr. Dickhaut introduced BioPoint to Vedanta via his high school friend Jeff Autenrieth.

4.      **Willful and Malicious**. To recover attorney's fees on a trade secret claim, BioPoint must prove that Defendants willfully *and maliciously* misappropriated its trade secrets. See 18 U.S.C. §1836(b)(3)(C); M.G.L. ch. 93 §42B(b). Here, BioPoint failed to adduce *any* evidence of malice. To the contrary, the undisputed evidence was the Mr. Dickhaut repeatedly attempted to help BioPoint and his wife (a BioPoint employee) Leah Attis, by, among other things: (1) trying to get BioPoint business at Moderna and Vedanta; (2) sharing names and resumes of consultants; (3) providing references to Ms. Attis for potential consultants that BioPoint was vetting; and (4) helping BioPoint close deals with its clients. *See, e.g.*, Trial Exhibits 2, 3, 14, 21, 22, 28, 81, as well as new exhibits offered in the Bench Trial.

## II.     Plaintiff Failed to Prove Its Chapter 93A Claim

BioPoint has failed to adduce evidence sufficient to establish any unfair and deceptive trade practice.

## CONCLUSION

For these reasons, the Court should direct a verdict against BioPoint and in favor of Defendants on all counts.

        Respectfully Submitted,

        ANDREW DICKHAUT and CATAPULT
        STAFFING, LLC d/b/a CATAPULT
        SOLUTIONS GROUP

        By their attorneys,

        */s/ Dana A. Zakarian*
        Christopher A. Duggan (BBO# 544150)
        Dana A. Zakarian (BBO# 641058)
        Smith Duggan Buell & Rufo, LLP
        55 Old Bedford Road
        Lincoln, MA 01773
        617-228-4412
        chris.duggan@smithduggan.com
Dated: October 18, 2022        dana.zakarian@smithduggan.com

## **CERTIFICATE OF SERVICE**

I certify that on October 18, 2022, the foregoing document was hand delivered to all counsel of record at trial.

        */s/ Dana A. Zakarian*

4