IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BIOPOINT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW DICKHAUT and CATAPULT STAFFING, LLC d/b/a CATAPULT SOLUTIONS GROUP<br><br>    Defendants. | CIVIL ACTION NO. 1:20-CV010118 |

**PLAINTIFF BIOPOINT INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND THE JUDGMENT FOR <u>PRE-JUDGMENT AND POST-JUDGMENT INTEREST</u>**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff BioPoint, Inc. ("BioPoint") submits this memorandum of law in support of its Motion to Amend the Judgment for Pre-judgment and Post-judgment Interest. BioPoint seeks $661,227 in pre-judgment interest on its claims. BioPoint further seeks post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

BioPoint tried its claims for misappropriation of trade secrets under state and federal law, tortious interference, and violation of c. 93A against Defendants Andrew Dickhaut ("Dickhaut") and Catapult Staffing, LLC d/b/a Catapult Solutions Group ("Catapult") (collectively, "Defendants"). Prior to trial, the case was bifurcated such that the jury decided liability on BioPoint's misappropriation and interference claims, as well as lost profit damages and the Court decided disgorgement damages, enhanced damages, and c. 93A. BioPoint won at both phases of

the case. The jury found that BioPoint proved its misappropriation claims and tortious interference claim as to certain clients and consultants and awarded BioPoint $312,000 in lost profits. On April 25, 2023, this Court subsequently found Defendants violated c. 93A, that BioPoint was entitled to $1,375,148 in unjust enrichment damages, and that BioPoint was entitled to enhanced damages and attorneys' fees. ECF 227.  The next day, April 26, the clerk of this Court entered judgment reflecting the same. ECF 228. BioPoint now seeks a ministerial amendment to that judgment to include the statutory pre- and post-judgment interest to which it is entitled.

## ARGUMENT

### A. Pre-judgment Interest.

Massachusetts law applies to the calculation of an award of pre-judgment interest. *See Crowe v. Bolduc*, 365 F.3d 86, 90 (1st Cir. 2004) ("When a plaintiff obtains a jury verdict in a diversity case in which the substantive law of the forum state supplies the rules of decision, that state's law governs the plaintiff's entitlement to prejudgment interest."). Under Massachusetts law, the award of pre-judgment interest is "an automatic award . . . added by the clerk of the court." *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, No. 14-cv-12405-ADB, 2017 U.S. Dist. LEXIS 6841, at *7 (D. Mass. Jan. 18, 2017); *see also Nat'l Starch & Chem. Co. v. Greenberg*, 61 Mass. App. Ct. 906, 908 (2004) ("the award of prejudgment interest is a ministerial act" that "does not require judicial intervention" and "may be added to a monetary award by the clerk of court").

As to the jury award for $312,000 on tortious interference, pre-judgment interest is applicable at a rate of twelve percent beginning at the time the action is commenced, *i.e.*, January 21, 2020, when BioPoint filed its complaint. M.G.L. c. 231, § 6B (pre-judgment interest on tort claims is awarded at a rate of twelve percent beginning at the time the action is commenced). The

time period between January 21, 2020, and April 26, 2023, is 1,192 days or 3.266 years. Pre-judgment interest for the jury-awarded damages is $122,279 ($312,000 x 12% x 3.266).

As for the Court's bench verdict for $1,375,148 in unjust enrichment damages, that is governed by Mass. Gen. L. ch. 231, § 6H. Mass. Gen. L. ch. 231, § 6H provides that the clerk of court shall add pre-judgment interest at a rate of twelve percent from the date of commencement of the action. M.G.L. c. 231, § 6H, § 6B; *see also Mill Pond Assoc., Inc. v. E & B Giftware, Inc.*, 751 F. Supp. 299, 301 (D. Mass. 1990) (awarding pre-judgment interest pursuant to section 6H at a rate of twelve percent on the damages awarded to permit the plaintiff to recover the wrongful profits of the defendant); *Sionyx, LLC v. Hamamatsu Photonics K.K.*, No. 15-13488-FDS, 2019 U.S. Dist. LEXIS 123914 (D. Mass. July 25, 2019) (holding that section 6H applies to the calculation of pre-judgment interest on damages awarded for unjust enrichment). Applied from January 21, 2020 (the commencement of the action), BioPoint is entitled to $538,948 in pre-judgment interest for the bench trial verdict ($1,375,148 x 12% x 3.266).

Thus, in total, the clerk or this Court should amend the judgment to reflect $661,227 in pre-judgment interest.[1]

### B. Post-Judgment Interest.

BioPoint is also entitled to post-judgment interest under federal law. *See* 28 U.S.C. § 1961 (federal law exclusively governs post-judgment interest); *see also In re Redondo Const. Corp.*, 820 F.3d 460, 467-68 (1st Cir. 2016). Post-judgment interest is a mandatory award. 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."). Such interest is "calculated from the date of the entry of the judgment, at a rate equal to

---

[1] BioPoint was awarded enhanced damages in this case, and specifically treble damages on the jury and bench trial awards. BioPoint seeks pre-judgment interest on its single-damages only; not the enhanced damages.

the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." *Id.*; *see Cummings v. Standard Register Co.*, 265 F.3d 56, 68 (1st Cir. 2001). The post-judgment interest is also calculated to reflect the entire judgment, including the awarded attorneys' fees and costs. *Fryer v. A.S.A.P. Fire & Safety Corp*, 750 F. Supp. 2d 331, 341-42 (D. Mass. 2010). Accordingly, the clerk or this Court should amend the judgment to order Defendants to pay this post-judgment interest on the entire judgment, including attorneys' fees and costs, promptly following their payment of the damages award.

## CONCLUSION

Based on the foregoing, BioPoint respectfully requests that the clerk or Court amend the judgment to include:

(1) Pre-judgment interest in the amount of $661,227 and

(2) Post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

BIOPOINT, INC.
By its attorneys,

*/s/ Allison L. Anderson*
James W. Bucking (BBO #558800)
Allison L. Anderson (BBO #687662)
Foley Hoag LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
617 832 1000
jbucking@foleyhoag.com
alanderson@foleyhoag.com

Dated: May 16, 2023

## **CERTIFICATE OF SERVICE**

      I certify that on May 16, 2023, the foregoing document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing

                                                */s Allison L. Anderson*