UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10118-RGS

BIOPOINT, INC.

v.

ANDREW DICKHAUT & CATAPULT STAFFING, LLC
d/b/a CATAPULT SOLUTIONS GROUP

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS FOR
JUDGMENT AS A MATTER OF LAW, A NEW TRIAL,
REMITTITUR, AND TO AMEND THE JUDGMENT

June 22, 2023

STEARNS, D.J.

On June 22, 2022, a jury found defendants Andrew Dickhaut and Catapult Staffing, LLC (Catapult) liable for the misappropriation of trade secrets from plaintiff BioPoint, Inc. (BioPoint). The court thereafter held a bench trial on BioPoint's equitable claims for unjust enrichment, violation of the Massachusetts Fair Business Practices Act, Mass. Gen. Laws ch. 93A (Chapter 93A), and an award of enhanced damages and attorneys' fees. The court issued its ruling on April 25, 2023, finding that Catapult was unjustly enriched through its appropriation of BioPoint's trade secret information and that defendants had engaged in unfair and deceptive acts within the

meaning of Chapter 93A. The court also awarded Biopoint enhanced damages and attorneys' fees. Defendants now move for judgment as a matter of law, for a new trial, for remittitur, and to amend the judgment. For the following reasons, the court will deny each request.

### I. Judgment as a Matter of Law

A verdict may be set aside under Rule 50(b) only on a "determination that the evidence could lead a reasonable person to *only one conclusion.*" *Acevedo-Diaz v. Aponte*, 1 F.3d 62, 66 (1st Cir. 1993) (emphasis in original), quoting *Hiraldo-Cancel v. Aponte*, 925 F.2d 10, 12 n.2 (1st Cir. 1991). Defendants cannot meet this stringent standard on any of the jury claims for which they seek judgment as a matter of law.

### a. Tortious Interference

The court will not disturb the jury's finding that defendants tortiously interfered with BioPoint's prospective business relationship with Candida Fratazzi. While they claim that it is "legally impossible" to attribute BioPoint's losses to their tortious conduct, Mem. in Supp. of Defs.' Mot. [Dkt # 237] at 2, the evidence indicated that Catapult used BioPoint's information about Fratazzi to recruit her at BioPoint's expense, *see* Hunt Test., Jury Trial Day 2 Tr. [Dkt # 215] at 48; Trial Ex. 20; Trial Ex. 28; *see also* 4/25/2023 Order [Dkt # 227] ¶¶ 65-68 (noting the temporal proximity

between the chain of events leading up to Fratazzi's placement at Vedanta as additional evidentiary support for the jury's implicit finding that Fratazzi's ultimate placement at Vedanta was a direct result of the information supplied to Dickhaut by Leah Attis).

### b. Trade Secret Misappropriation

The court will not depart from the jury verdict and its bench trial finding that Catapult misappropriated BioPoint's trade secrets. Defendants argue that neither the jury nor the court identified the misappropriated trade secrets, or found that the purloined trade secrets were actually exploited, or found that Catapult's profits were attributable to the use of BioPoint's trade secrets. These assertions are blatantly incorrect. *See* 4/25/2023 Order ¶¶ 11, 59 (noting the various forms of BioPoint's trade secret information that Attis disclosed to defendants and finding that defendants misappropriated BioPoint's confidential trade secret information with respect to Vedanta, Shire, Candida Fratazzi, Stephen Haworth, and Chris Da Costa); *id.* ¶ 44 (noting that the jury had already determined that Catapult had used BioPoint's trade secrets); *id.* ¶¶ 42-45, 65-71 (finding Catapult's Vedanta profits attributable to defendants' trade secret misappropriation).

### c. Chapter 93A Claim

Defendants merely cite to their proposed findings of fact to support the assertion that the evidence does not support a finding of a Chapter 93A violation. Even if Fed. R. Civ. P. 50(b) governed bench trials, which it does not, the court cited evidence to the contrary in its bench trial order. *See, e.g.*, *id.* ¶¶ 51, 52 (noting that the jury's findings of Catapult's wholesale trade secret misappropriation and rampant tortious interference with BioPoint's clients were independently sufficient to establish a willful Chapter 93A violations); *id.* ¶ 75 (discussing record evidence of Dickhaut's knowledge and willfulness).

## II.   Remittitur or Amendment of the Judgment

Relief under Fed. R. Civ. P. 59(e) is to be granted "sparingly" and "only when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014), quoting *Global Naps, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007). A party cannot use a motion to amend "to advance arguments it should have developed prior to judgment," or to "regurgitate 'old arguments previously considered and rejected.'" *Id.*, quoting first *Iverson v. City of Boston*, 452

4

F.3d 94, 104 (1st Cir. 2006), then *Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990).

For purposes of a remittitur, "the award must exceed 'any rational appraisal or estimate of the damages that could be based upon the evidence before it.'" *Climent-Garcia v. Autoridad de Transporte Maritmo y Las Islas Municipo*, 754 F.3d 17, 21 (1st Cir. 2014), quoting *Wortley v. Camplin*, 333 F.3d 284, 297 (1st Cir. 2003). Remittitur is appropriate only when a verdict is "grossly excessive, inordinate, shocking to the conscience of the court, or so high that it would be a denial of justice to permit it to stand." *Correa v. Hospital San Francisco*, 69 F.3d 1184, 1197 (1st Cir. 1995), quoting *Segal v. Gilbert Color Sys., Inc.*, 746 F.2d 78, 81 (1st Cir. 1984).

### a. Remittitur of Gross Profits

The court will explain, for at least the third time, why defendants cannot rely on their proffered net profits evidence. Defendants yet again argue that awarding gross profits as a sum total is inappropriate and that this figure should be offset by sales commissions. The court cannot do so in light of defendants' own decisions made during discovery. Defendants did not produce setoff evidence during discovery despite it being requested by BioPoint and defendants having the information. *See* Salustri Test., Bench Trial Day 1 Tr. [Dkt # 210] at 110-114. They cannot stonewall during the

discovery process, *see, e.g.*, Trial Ex. 120 at 19-20 (BioPoint requesting from defendants documents sufficient to show Catapult's revenue and profit and defendants rejecting the request as a "fishing expedition"), and then seek to bring this evidence into the case only after it becomes advantageous to do so. To permit this would encourage the very behavior Rule 37(c)(1) seeks to prevent.

### b. Remittitur or Amendment of Unjust Enrichment Award

Defendants attempt to relitigate the issues with respect to their argument for remitting or amending the unjust enrichment award, once again arguing that Catapult's profits had nothing to do with BioPoint's trade secrets. The court will not further address these regurgitated arguments.

Defendants also request that the court specify that the unjust enrichment award is against Catapult only and not Dickhaut. The court will not. The case on which defendants rely, *Liu v. SEC*, 140 S. Ct. 1936 (2020), did not address situations in which multiple parties engage in concerted wrongdoing. *Id.* at 1945. Following *Liu*, courts have found that parties can be held joint-and-severally liable where the individual "collaborated with and ranks high in the firm." *SEC v. Bahgat*, 2023 WL 3491733, at *9 n.5 (W.D.N.Y. May 17, 2023). Such is the case here, where Dickhaut was Managing Director of Catapult's Boston office and the court has found that

the record supports the inference that Catapult executives were communicating with Dickhaut about his solicitation of BioPoint's trade secrets. *See* 4/25/2023 Order ¶ 73 n.4.

### c. Remittitur of Treble Damages

Defendants' argument that the Massachusetts Uniform Trade Secrets Act (MUTSA) supersedes Chapter 93A is waived. *See Crawford v. Clark*, 578 F.3d 39, 44 (1st Cir. 2009) ("We have emphasized that Rule 59(e) '. . . certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'"), quoting *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997). Defendants argue that they did not waive this argument because the court could have found a Chapter 93A violation based on something other than defendants' theft of trade secrets. This argument fails because the court stated (without objection) *prior to the jury trial* that the jury verdict on whether defendants stole BioPoint's trade secrets would serve as the "factual predicate" of any eventual Chapter 93A determination. *See* 5/19/2022 Emergency Motion for Reconsideration Tr. [Dkt # 155] at 10-11. Despite the warning, defendants did not raise the MUTSA argument prior to this post-bench trial motion.

### d. Attorneys' Fees

Defendants argue that MUTSA requires a finding of malice for attorneys' fees and that MUTSA supersedes Chapter 93A. For the same reasons stated above with respect to enhanced damages, this argument is waived.

## III. New Trial

A new trial under Rule 59 will be granted only "if [the court] believes that the outcome is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." *Velazquez v. Figueroa-Gomez*, 996 F.2d 425, 427 (1st Cir. 1993). "A federal court may not set aside a jury verdict and direct the entry of a contrary verdict unless no reasonable jury could have returned a verdict adverse to the moving party." *Havinga v. Crowley Towing & Transp. Co.*, 24 F.3d 1480, 1483 (1st Cir. 1994).

Defendants have not met this high burden. The jury reasonably found that Catapult and Dickhaut misappropriated BioPoint's trade secrets. The court, as it is permitted to do under First Circuit law, *see Makuc v. Am. Honda Motor Co.*, 835 F.2d 389, 294 (1st Cir. 1987), adopted the jury's factual findings in finding that defendants had violated the Massachusetts Fair Business Practices Act and had misappropriated BioPoint's trade

8

secrets. The court also made independent findings that defendants' trade secret misappropriation led to their unjust enrichment. *See* 4/25/2023 Order ¶¶ 60-71. No new trial is warranted.

## ORDER

For the foregoing reasons, the court will <u>DENY</u> defendants' motions.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE